**E-FILED**
Friday, 04 August, 2006  04:20:17 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

```
JOHN PEYTON,                      )
                                  )
         Petitioner,              )
                                  )
     v.                           )        Case No. 06-1177
                                  )
UNITED STATES OF AMERICA,         )
                                  )
         Respondent.              )
```

## O R D E R

Before the Court is John Peyton's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody [Doc. # 1].  For the following reasons, the Petition will be denied.

### BACKGROUND

On February 3, 2004, a jury found Peyton guilty of unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).  The Presentence Investigation Report (PSR) revealed that Peyton had four prior Illinois state felony convictions:  1991 convictions for multiple robberies, armed robbery, and attempted armed robbery.  The conduct giving rise to these four convictions all occurred between December 31, 1990 and January 13, 1990.  In particular, the factual basis for the two robbery convictions was Peyton forcibly taking money from two different individuals on December 31, 1990, the factual basis for the armed robbery conviction was Peyton taking money from a third individual while armed with a knife on January 8, 1991, the factual basis for the attempted armed robbery conviction was Peyton cutting a fourth individual with a knife in an attempt to rob him on

January 13, 1991.  Based on these four convictions, the PSR
concluded that Peyton qualified for an enhanced sentence under the
Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA").  Peyton
objected to that conclusion, arguing that the convictions were not
violent felonies under the ACCA, and that the facts of the prior
convictions were not submitted to a jury and proved beyond a
reasonable doubt in violation of the rule announced in <u>Apprendi v.
New Jersey</u>, 530 U.S. 466 (2000).

During the May 21, 2004 sentencing hearing, Peyton's attorney,
George Taseff, made the following arguments regarding Peyton's
objection to the PSR's conclusion that Peyton qualified as an armed
career criminal under 18 U.S.C. § 924(e)(1):

> [W]ith respect to our first objection Mr. Murphy has
> certified copies and I believe he will hand those up at
> this time.  He has certified copies of the judgments of
> conviction that comport and refer to those matters that
> are set forth in paragraphs 26, 27, 28 and 29 of the PSR.
> I would like for the Court and opposing counsel to know
> that in making these objections I am not doing so for any
> frivolous or burdensome reason.  I am not trying to put
> anybody through extra work, but as counsel for Mr.
> Peyton, I feel very reluctant to concede any client's
> eligibility for enhanced sentences under the armed career
> criminal act or career offender act or many of these
> natural life sentencing provisions that we are seeing
> with the kind of frequency we have of like.  So Mr.
> Murphy has furnished the Court with those documents.  I
> have reviewed them.  I have shown them to Mr. Peyton.
>
> I am making objections, number one, that those documents
> do not reflect convictions for crimes of violence.
> Secondly, that they are not convictions for violent
> felonies committed on occasions different from one
> another.  Indeed, there are two such convictions that
> occurred on December 31st of 1990 or 1991.
>
> Finally, we are making an apprendi objection.  Again, I
> am not doing so for frivolous reasons but I would prefer
> under these circumstances that the Court make its

2

determination of whether Mr. Peyton is eligible for this
extended term sentence without me as his counsel having
to concede as such.  I think as the Court will note from
my arguments when we address the sentence to be imposed,
Mr. Peyton is facing a very severe sentence in this case.

So for those reasons, Your Honor, I ask that the Court
having the documents before it to make the determination
whether those matters qualify Mr. Peyton for the extended
enhanced term.

After finding that Peyton had at least three independent
convictions for violent felonies, the Court sentenced Peyton to 180
months imprisonment.  Peyton raised three arguments on appeal:  (1)
that the district court abused its discretion and denied him due
process of law and a fair trial when it questioned the government's
expert witness regarding the likelihood of finding latent
fingerprints on firearms, (2) that there was insufficient evidence
to prove his guilt, and (3) that the prior convictions used to
qualify him under the ACCA should have been alleged in the
indictment and proved beyond a reasonable doubt.  The Seventh
Circuit affirmed, and the Supreme Court denied Peyton's petition
for writ of certiorari.

In his current Petition, Peyton raises one ground for relief--
that the sentencing judge "engaged in impermissible factual
findings without consideration of a sufficient judicial record from
prior proceedings to determine that petitioner's prior convictions
satisfied requirement's of 18 U.S.C. § 924(e) in violation of the
Sixth Amendment of the Constitution."

3

## LEGAL STANDARD

A petitioner may avail himself of section 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." <u>Boyer v. United States</u>, 55 F.3d 296, 298 (7th Cir. 1995), <u>cert. denied</u>, 116 S.Ct. 268 (1995).  Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." <u>Guinan v. United States</u>, 6 F.3d 468, 470 (7th Cir. 1993), <u>citing</u> <u>Scott v. United States</u>, 997 F.2d 340 (7th Cir. 1993).

However, a section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." <u>McCleese v. United States</u>, 75 F.3d 1174, 1177 (7th Cir. 1996).  Federal prisoners may not use section 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982); <u>Doe v. United States</u>, 51 F.3d 693, 698 (7th Cir. 1995).  Accordingly, a petitioner bringing a section 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal.  <u>Belford v. United States</u>, 975 F.2d 310, 313 (7th Cir. 1992), <u>overruled on other</u>

4

grounds by <u>Castellanos v. United States</u>, 26 F.3d 717, 719-20 (7th Cir. 1994).

## ANALYSIS

The Court finds Peyton's argument unavailing.  First, the government submitted certified copies of the judgments of conviction for the four convictions that qualified Peyton for enhancement under the ACCA.  Thus, there was sufficient evidence independent of the objected-to PSR statements to support the Court's acceptance of the convictions for enhancement purposes. Furthermore, Peyton's Illinois robbery, attempted robbery, and armed robbery convictions all qualify as violent felonies under the ACCA.  <u>See</u> 18 U.S.C. § 922(e)(2)(B) (the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another); <u>United States v. Dickerson</u>, 901 F.2d 579, 584 (7th Cir. 1990).

## CONCLUSION

IT IS THEREFORE ORDERED that John Peyton's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody [Doc. # 1] is DENIED.

CASE TERMINATED.

ENTERED this   4th   day of August, 2006.


                              s/ Joe B. McDade
                          JOE BILLY McDADE
                          United States District Judge

5